

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 28, 2015.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-51396-CAG |
| | § | |
| PRIMERA ENERGY, LLC, | § | CHAPTER 11 |
|     Debtor. | § | |
| | | |
| FREDERICK PATEK, et al., | § | |
|     Plaintiffs, | § | ADVERSARY NO. 15-05047-CAG |
| | § | |
| V. | § | |
| | § | |
| BRIAN K. ALFARO; | § | |
| PRIMERA ENERGY, LLC; | § | |
| ALFARO OIL AND GAS, LLC; | § | |
| ALFARO ENERGY, LLC; | § | |
| KING MINERALS, LLC; | § | |
| SILVER STAR RESOURCES, LLC; | § | |
| 430 ASSETS, LLC, A MONTANA LLC; | § | |
| KRISTI MICHELLE ALFARO; | § | |
| BRIAN AND KRISTI ALFARO, AS | § | |
| TRUSTEES OF THE BRIAN AND | § | |
| KRISTI ALFARO LIVING TRUST; and | § | |
| ANA AND AVERY'S CANDY | § | |
| ISLAND, LLC., | § | |
|     Defendants. | § | |

**ORDER DENYING PLAINTIFFS' APPLICATION
FOR PRELIMINARY INJUNCTION**

1

Came on for consideration Plaintiffs' Application for Temporary Restraining Order and Temporary and Permanent Injunctions ("Application") (Adv. ECF No. 22), seeking temporary and permanent injunctions against Defendants Brian K. Alfaro, Primera Energy, LLC, Alfaro Oil and Gas, LLC, Alfaro Energy, LLC, King Minerals, LLC and Silver Star Resources, LLC. On August 12, 2015, the parties announced an agreement on the record that Plaintiffs' would waive a hearing on their request for a temporary restraining order and that the parties would move forward on a hearing for a preliminary injunction.

Federal Rule of Civil Procedure 65 is applied to adversary proceedings by Federal Rule of Bankruptcy Procedure 7065. Rule 65 provides that the court may issue a preliminary injunction only on notice to the adverse party and may bind parties who receive actual notice of the order by personal service or otherwise. The Court will note that issues regarding this Court's jurisdiction and authority to hear the underlying adversary causes of action and to enter a final order have not yet been addressed at this stage in the proceeding. For the reasons stated in this Order, the Court is of the opinion that Plaintiffs' Application should be DENIED.

**PROCEDURAL BACKGROUND**

Plaintiffs commenced this action by filing their lawsuit styled *Frederick Patek, Geraldine Patek, Jim Gregory, Cal Curtner, Lisa Simpson, Jasper Campise, Karen Smith, William Crawford, Mike Covington, Marc Keese, Mike McPherson, Ed McPherson, Wesley Crow, Dieter Jansen, Quackenbush Petroleum, James Reiley, Betty Reiley, Rick Reiley, Greg Shilts and Jana Shilts and on behalf of All Other Similarly Situated Investors of Defendants' "Screaming Eagle," "Montague Legacy" and "Buda Well" Investments vs. Brian K. Alfaro, Primera Energy, LLC, Alfaro Oil and Gas, LLC and Alfaro Energy, LLC*, in the 288th District Court for Bexar County

on April 24, 2015 (the "State Court Action").[1]

In the State Court Action, Plaintiffs sought and obtained a temporary restraining order ("TRO") against Brian Alfaro, Primera Energy, LLC ("Primera"), Alfaro Oil and Gas, LLC and Alfaro Energy, LLC on April 28, 2015. On May 12, 2015, the TRO expired and on May 19, 2015, Plaintiffs filed a motion to extend the TRO. On May 22, 2015, the TRO was extended to June 1, 2015. On June 2, 2015, the State Court judge entered a temporary injunction against Defendants Alfaro, Primera, Alfaro Oil and Gas, LLC and Alfaro Energy, LLC.

On June 3, 2015, Primera filed for relief under chapter 11 of the U.S. Code commencing Bankruptcy Case No. 15-51396 (the "Bankruptcy Case"). On June 19, 2015, Alfaro, King Minerals, LLC and Silver Star Resources, LLC removed the State Court Action to this Court, commencing this Adversary Proceeding No. 15-05047 (the "Adversary"). Also on June 19, 2015, Plaintiffs filed their Second Amended Petition in the State Court Action adding King Minerals, LLC and Silver Star Resources, LLC as Defendants and requesting a temporary restraining order and injunctive relief against those additional defendants. The Second Amended Petition asserted claims of common law fraud, fraud in a real estate transaction, negligent misrepresentation, deceptive trade practice act, breach of fiduciary duty, violations of the Texas Securities Act, and Texas Uniform Fraudulent Transfer Act (the "Claims").

On July 13, 2015, Jason Searcy was appointed chapter 11 trustee for the estate of Primera in the Bankruptcy Case. It is unclear at this point what assets are available for creditor claims. On August 11, 2015, Plaintiffs filed their Application for Temporary Restraining Order and Temporary and Permanent Injunctions (Adv. ECF No. 22) (the "Application") in this Adversary.

---

[1] The focus of the State Court Action was twofold: (1) to prevent Alfaro from destroying documents relevant to the pending action; and (2) prevent Alfaro from dissipating assets in the event the Court was to grant a preliminary injunction. The Court heard no evidence as to the basis that Alfaro was destroying documents. In fact, Alfaro and his counsel stated several times that Alfaro has not, and will not, destroy documents. Accordingly, no relief will be granted on this basis.

3

The relief sought in the Application is against Alfaro; Primera; Alfaro Oil and Gas, LLC; Alfaro Energy, LLC; King Minerals, LLC and Silver Star Resources, LLC. On August 14, 2015, Plaintiffs filed their Third Amended Complaint (Adv. ECF No. 29) in this Adversary. Plaintiffs added the following Defendants in their Third Amended Complaint: 430 Assets, LLC; Kristi Michelle Alfaro; Brian Alfaro and Kristi Alfaro, as trustees for the Brian and Kristi Alfaro Living Trust; and Ana and Averys Candy Island, LLC. None of the newly added Defendants in the Third Amended Complaint are named as defendants in the Application before the Court. As such, the Court's Order shall only refer to those Defendants named in the Application before the Court and any reference to "Defendants" herein shall be attributed only to Alfaro; Primera; Alfaro Oil and Gas, LLC; Alfaro Energy, LLC; King Minerals, LLC and Silver Star Resources, LLC.

Defendant Alfaro is married to Defendant Kristi Alfaro ("Kristi"). Alfaro and Kristi are the trustees for the Brian and Kristi Alfaro Living Trust. Alfaro was the sole member of Primera Energy, LLC. None of the Defendants have filed answers to the Third Amended Complaint nor have any new defendants made an appearance in this Adversary. Primera is in the business of selling fractional interests in the Screaming Eagle 2H, 3H, 4H, 6H and Blackhawk projects (the "Wells") to investors in order to drill and operate the Wells. Plaintiffs are some of the investors in the Wells.

The hearing on the Application was held on August 28, 2015, September 1, 2015, September 2, 2015, September 4, 2015, and September 15, 2015. Testimony was adduced from Kristi Alfaro, Brian Alfaro, Michael Perkins, Michael Covington, Michael Turner, Louis Hinojosa, Alma Leticia Guerra-Gillette, Alphonse Seger, Orlando Guerra, Cody Reyes, and Cliff Davis.

## FINDINGS OF FACT

Primera (sometimes also referred to as "Debtor") solicited investments in oil and gas wells from potential investors over the phone through Alfaro and Primera's salesmen. Primera was the operator of the Screaming Eagle 1H well prior to its sale, and is the operator of the Screaming Eagle 2H and 3H wells, which are all located in McMullen County, Texas. Primera is also the operator of the Screaming Eagle 4H and 6H wells, and the proposed BlackHawk Buda well, which are all located in Gonzales County, Texas.

Primera is a for-profit entity and does not employ people to perform its drilling activities. Primera's business model is to solicit investors to make the investments necessary to pay vendors, to drill the well, and to put a well into production. Investors would hope to see a return on their investment once the well was put into production. Primera outsourced its drilling to other companies and did not own any of its own drilling equipment.

Plaintiffs are individuals and entities who invested money in certain wells with Primera in exchange for a working interest percentage in a respective well. Primera offered a one percent working interest in a well in the form of a unit. One unit was offered to investors on the 3H and 4H wells in exchange for $99,888.00. Payments were made in three separate installments, with payment being made at the: (1) the initial payment, (2) the drilling phase, and (3) the completion phase. Each well had a dedicated operating account.

The evidence at trial showed the following sequence of events occurred upon receipt of investor monies: (1) First, investor funds were deposited into the individual well operating accounts based on which well the investor chose to make their investment; (2) Second, some amount of funds was transferred from the individual well operating accounts into Primera's general operating account; (3) Third, vendors and expenses could be paid from the dedicated

well operating account or general expenses not attributable to a single well could be paid from Primera's general operating account; and (4) Fourth, Mr. Alfaro took his salary and owner draws from Primera's general operating account. The Court will note that some evidence was presented at the hearing to show that investor monies were used to pay expenses for wells other than the well in which those monies were invested.

Primera's primary source of revenue is from investor contributions and it appears from the evidence presented at the hearing that only a small fraction of the revenue Primera received is from oil and gas production. Mr. Alfaro's sole source of income in 2013 came from Primera and Alfaro Energy, LLC. Mr. Alfaro's sole source of income in 2014 came from Primera.

## ANALYSIS

Plaintiffs must establish the following four elements to secure a preliminary injunction:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citing *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)). Imposition of a preliminary injunction is an extraordinary remedy never awarded as of right and courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). "[T]he purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Federal Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 562 (5th Cir. 1987). A "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945).

The Supreme Court in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), limited the availability of a preliminary injunction in federal court to freezing only those assets where a lien or equitable interest in the assets is claimed. Thus, federal courts lack authority to issue a preliminary injunction preventing dissipation of assets where only money damages are sought. *Id.* at 334. Although the Fifth Circuit Court of Appeals has not addressed the distinction, the Fourth Circuit Court of Appeals in *United States ex rel. Rahman v. Oncology Associates P.C.*, 198 F.3d 489, 492 (4th Cir. 1999), analyzed the *Grupo Mexicano* decision and found that where both money damages and equitable relief are sought, the Supreme Court's decision in *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940), remains controlling law. *See Newby v. Enron Corp.*, 188 F. Supp. 2d 684, 696 (S.D. Tex. 2002) (citing favorably to *Rahman*). In *Rahman*, the Fourth Circuit identified principles to be applied where a prejudgment injunction is sought to prevent dissipation of a defendant's assets:

> First, where a plaintiff creditor has no lien or equitable interest in the assets of a defendant debtor, the creditor may not interfere with the debtor's use of his property before obtaining judgment. A debt claim leads only to a money judgment and does not in its own right constitute an interest in specific property. Accordingly, a debt claim does not, before reduction to judgment, authorize prejudgment execution against the debtor's assets.
> …
> On the other hand, when the plaintiff creditor asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving those assets, a court may in the interim invoke equity to preserve the *status quo* pending judgment where the legal remedy might prove inadequate and the preliminary relief further the court's ability to grant the final relief requested. This nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in the lawsuit is essential to the authority of a district court in equity to enter a preliminary injunction freezing assets.

*Id.* at 496.

Plaintiffs assert that a limited pre-judgment freeze of Defendants' assets is necessary to preserve the status quo and argue that they have asserted equitable causes of action in the forms

of breach of fiduciary duty, the Texas Uniform Fraudulent Transfer Act ("TUFTA"), unjust enrichment/disgorgement, and money had and received. *See* Plaintiffs' Brief in Support of Preliminary Relief (Adv. ECF No. 97). Plaintiffs also assert that they are entitled to avoidance and recovery of fraudulent transfers, disgorgement of monies and property, and seek imposition of a constructive trust over certain properties.

Even assuming Plaintiffs have met their burden to show a substantial likelihood of success on the merits, Plaintiffs have not demonstrated their entitlement to freeze any of Defendants' assets because there has been no showing of which assets are subject to disgorgement, recovery or a constructive trust. Nor have Plaintiffs demonstrated to what extent any of Defendants' assets should be subject to injunctive relief. As Plaintiffs stated in their brief, "the power to order disgorgement extends only to the amount with interest by which the defendant profited from his wrongdoing. Any further sum would constitute a penalty assessment." **SEC v. Blatt**, 583 F.2d 1325, 1335 (5th Cir. 1978). Although the burden to show the amount of ill-gotten gains at this stage of the proceeding may be light, Plaintiffs must still provide the nexus of the requested equitable relief and Defendants' specific assets in which Plaintiffs would have an interest if successful on their claims.

Here, the Court finds that Plaintiffs have demonstrated that Mr. Alfaro's only source of income during 2014 was from Primera. The Court also finds that Plaintiffs have offered some evidence that vast majority of Primera's source of cash infusion was from investor contributions; that is, Primera's wells had generally not yet reached a point of profitability. The Court finds, however, that Plaintiffs have not shown that their investments paid into Primera may be traced to the money allegedly taken without justification by Mr. Alfaro or the other Defendants. Furthermore, the Court finds that some investor monies were actually going to pay vendors and

bills. Plaintiffs did not demonstrate to what extent their investments were used to pay legitimate expenses versus the alleged illegitimate purposes by Mr. Alfaro. Lastly, the parties have agreed on the record that the limited number of Plaintiffs represented in this proceeding do not constitute the whole of the Primera investor body. The Court will also note that this proceeding is not a class action. Plaintiffs have not provided any evidence that the funds transferred from Primera to Defendants originated from Plaintiffs, rather than other investors.

Given these findings, the Court concludes that Plaintiffs, at this stage in the proceeding, have not shown the nexus required between the relief requested—disgorgement of investments, imposition of constructive trust over investor proceeds, and avoidance of fraudulent transfers—and the assets of Defendants. Put another way, Plaintiffs have not been able to trace proceeds of their investments to specific assets of Defendants. Therefore, a preliminary injunction would not be appropriate in this circumstance because Plaintiffs have not shown the assets to which they could be granted final relief in order to warrant intermediate relief of the same character. *See De Beers*, 325 U.S. at 220.

The Court notes that a Temporary Injunction was entered by the State Court judge on June 2, 2015. That Temporary Injunction, however, was aimed to restrain Defendants—namely, Alfaro—from future actions and continuation of allegedly fraudulent practices *as they relate to his control of Primera*. An important distinction, here, is that Alfaro is no longer in control of Primera and may not affect any of Primera's actions or practices going forward. Alfaro is no longer able to receive any funds from Primera without approval from the appointed Chapter 11 Trustee and this Court. Therefore although the remedy of a temporary injunction was appropriate in the state court proceeding, a preliminary injunction in bankruptcy court, after the appointment of the Chapter 11 Trustee, is no longer warranted largely due to the fact that there is

bills. Plaintiffs did not demonstrate to what extent their investments were used to pay legitimate expenses versus the alleged illegitimate purposes by Mr. Alfaro. Lastly, the parties have agreed on the record that the limited number of Plaintiffs represented in this proceeding do not constitute the whole of the Primera investor body. The Court will also note that this proceeding is not a class action. Plaintiffs have not provided any evidence that the funds transferred from Primera to Defendants originated from Plaintiffs, rather than other investors.

Given these findings, the Court concludes that Plaintiffs, at this stage in the proceeding, have not shown the nexus required between the relief requested—disgorgement of investments, imposition of constructive trust over investor proceeds, and avoidance of fraudulent transfers—and the assets of Defendants. Put another way, Plaintiffs have not been able to trace proceeds of their investments to specific assets of Defendants. Therefore, a preliminary injunction would not be appropriate in this circumstance because Plaintiffs have not shown the assets to which they could be granted final relief in order to warrant intermediate relief of the same character. *See De Beers*, 325 U.S. at 220.

The Court notes that a Temporary Injunction was entered by the State Court judge on June 2, 2015. That Temporary Injunction, however, was aimed to restrain Defendants—namely, Alfaro—from future actions and continuation of allegedly fraudulent practices *as they relate to his control of Primera*. An important distinction, here, is that Alfaro is no longer in control of Primera and may not affect any of Primera's actions or practices going forward. Alfaro is no longer able to receive any funds from Primera without approval from the appointed Chapter 11 Trustee and this Court. Therefore although the remedy of a temporary injunction was appropriate in the state court proceeding, a preliminary injunction in bankruptcy court, after the appointment of the Chapter 11 Trustee, is no longer warranted largely due to the fact that there is

no risk Defendants may continue alleged unlawful practices.

## CONCLUSION

**IT IS THEREFORE, ORDERED** that Plaintiffs' Application for Preliminary Injunction is DENIED.

###