**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 29, 2017.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 15-51396-CAG |
| PRIMERA ENERGY, LLC, | § § | CHAPTER 11 |
| Debtor. | § | |

| | | |
|---|---|---|
| FREDERICK PATEK; | § | |
| GERALDINE PATEK; | § | |
| JASPER COMPISE; | § | |
| WILLIAM CRAWFORD; | § | |
| MICAHEL COVINGTON; | § | |
| RICK GRIFFEY; | § | ADVERSARY NO. 15-05047-CAG |
| ED MCPHERSON; | § | |
| DIETER JANSEN; | § | |
| QUACKENBUSH PETROLEUM LLC; | § | |
| JAMES REILEY; | § | |
| BETTY REILEY; | § | |
| RICK REILEY; | § | |
| VINCENT J. GILLETTE; | § | |
| MARJORIE A. GILLETTE; | § | |
| THOMAS J. GILLETTE; | § | |
| EDWARD A. GILLETTE; | § | |
| SHARON WALLS; | § | |
| BUDDY WALLS; | § | |

| | |
|---|---|
| DC OIL COMPANY, INC.; | § |
| BUFORD SALMON; | § |
| LILLIAN SALMON; | § |
| JOSEPH HART; | § |
| BRIAN HUBER; | § |
| DAVID DAVALOS; | § |
| DANIEL DAVALOS; | § |
| FREDERICK JOHNSTON; | § |
| MILAN KNEZOVICH 11; | § |
| FOUNTAINGATES INVESTMENT GROUP; | § |
| JAMES PETERS; and | § |
| BROC YAKEL, | § |
|     Plaintiffs, | § |
| | § |
| V. | § |
| BRIAN K. ALFARO; | § |
| KING MINERALS, LLC; | § |
| SILVER STAR RESOURCES, LLC; | § |
| 430 ASSETS, LLC, A MONTANA LLC; | § |
| KRISTI MICHELLE ALFARO; | § |
| BRIAN AND KRISTI ALFARO, AS | § |
| TRUSTEES OF THE BRIAN AND KRISTI | § |
| ALFARO LIVING TRUST; and | § |
| ANA AND AVERY'S CANDY | § |
| ISLAND, LLC, | § |
|     Defendants. | § |

# FINAL JUDGMENT

This Judgment resolves the adversary causes of action brought by Plaintiffs in the above-referenced Adversary Proceeding. This Court conducted a six-day trial on Plaintiffs' adversary causes of action. Trial was concluded on April 18, 2017, and the Court took the matters under advisement. Contemporaneously with entry of this Judgment, the Court has entered its Memorandum Opinion ("Memorandum Opinion").

In its Memorandum Opinion, the Court examined its jurisdiction and both statutory and constitutional authority to enter final judgment on each of Plaintiffs' causes of action. Pursuant to the United States Supreme Court's opinions in ***Stern v. Marshall***, 564 U.S. 462, 487 (2011),

and *Executive Benefits Insurance Agency v. Arkinson*, 134 S. Ct. 2165 (2014), and *Wellness Int'l Network, LTD, et al. v. Sharif*, 135 S. Ct. 1932 (2015) Plaintiffs and Defendants all consented to entry of final order and judgment by the Bankruptcy Court. *See* Joint Pre-Trial Order (ECF No. 290). This Final Judgment, therefore, disposes of all adversary causes of action.

For the reasons set forth in the Memorandum Opinion, the Court finds the following:

1. Plaintiffs' common law fraud claim prevails.

2. Plaintiffs' fraud in the inducement claim prevails.

3. Plaintiffs' fraud in the real estate transaction claim prevails.

4. Plaintiffs' negligent misrepresentation claim prevails.

5. Plaintiffs' DTPA claim fails because Plaintiffs did not establish themselves as DTPA consumers.

6. Plaintiffs' violation of Texas Securities Laws fails because Plaintiffs have not plead a private cause of action under which the Court can grant relief.

7. Plaintiffs' conversion claim fails because Plaintiffs did not prove that the property converted was personal property.

8. Plaintiffs' Texas Uniform Fraudulent Transfer Act claim prevails and a constructive trust will be imposed on the following:

    a. Salary and compensation transferred to the Living Trust beginning March 2016.

    b. Bentley – purchased within the last two years with a purchase price of $189,000.00.

    c. Cadillac purchased in May 2013 for $33,705.

9. Plaintiffs' unjust enrichment claim fails because Plaintiffs plead this claim as a separate cause of action rather than a basis for recovery.

10. Plaintiffs' money had and money received claim fails because Plaintiffs are recovering under fraud.

11. Plaintiffs' civil conspiracy claim fails because Plaintiffs did not produce evidence that Defendants participated or was complicit in a scheme to conduct illegal activities or to conduct any legal activities by illegal.

12. The Court finds actual damages shall be awarded as follows:

| Plaintiff | Damages Awarded |
|---|---|
| Rick Reiley | $149,832.00 |
| Betty Reiley | $111,399.22 |
| Vincent J. Gillette | $324,244.44 |
| Sharon Walls | $350,055.44 |
| Rick Griffey | $210,412.00 |
| Thomas J. Gillette | $379,221.05 |
| DC Oil Company | $430,820.00 |
| James Buford Salmon | $6,008,181.10 |
| David Davalos | $25,361.50 |
| **Total** | **$7,989,526.75** |

13. Moreover, because the above-identified Plaintiffs prevailed in their claim for fraud in the real estate transaction, such Plaintiffs are entitled to attorneys' fees, expert witness fees, costs for copies of depositions and costs of court pursuant to § 27.01 of the Texas Business and Commerce Code. Motions for such costs and objections to such costs shall be filed and served in accordance with Local Rule 7054.

14. The Court finds that Defendants violated Tex. Bus. & Comm. Code § 24.005. As such, a constructive trust shall be imposed on the following property:

    a. Salary and compensation transferred to the Living Trust beginning March 2016.
    b. Bentley purchased within the last two years with a purchase price of $189,000.00.
    c. Cadillac purchased in May 2013 for $33,705.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiffs prevail in their claims for common law fraud, fraud in the inducement, fraud in the real estate transaction, and negligent misrepresentation.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that a take-nothing judgment is entered on Plaintiffs' claim for DTPA, violation of the Texas Securities Act, conversion, unjust enrichment, money had and money received, and civil conspiracy.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiffs' request for actual damages is GRANTED in the following amounts:

| Plaintiff | Damages Awarded |
| --- | --- |
| Rick Reiley | $149,832.00 |
| Betty Reiley | $111,399.22 |
| Vincent J. Gillette | $324,244.44 |
| Sharon Walls | $350,055.44 |
| Rick Griffey | $210,412.00 |
| Thomas J. Gillette | $379,221.05 |
| DC Oil Company | $430,820.00 |
| James Buford Salmon | $6,008,181.10 |
| David Davalos | $25,361.50 |
| **Total** | **$7,989,526.75** |

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiffs' request for a constructive trust for Defendants' violation of Tex. Bus. & Comm. Code § 24.005 2 is GRANTED for the following property:

   a. Salary and compensation transferred to the Living Trust beginning March 2016.
   b. Bentley purchased within the last two years with a purchase price of $189,000.00.
   c. Cadillac purchased in May 2013 for $33,705.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants shall provide an accounting for the following property:

   a. Salary and compensation transferred to the Living Trust beginning March 2016.
   b. Bentley purchased within the last two years with a purchase price of $189,000.00.

    c. Cadillac purchased in May 2013 for $33,705.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all other relief not specifically granted herein is DENIED.

# # #