**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 29, 2018.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-51396-CAG |
| | § | |
| PRIMERA ENERGY, LLC, | § | CHAPTER 11 |
|     Debtor. | § | |
| | | |
| FREDERICK PATEK, et al., | § | |
|     Plaintiffs, | § | ADVERSARY NO. 15-05047-CAG |
| | § | |
| V. | § | |
| | § | |
| BRIAN K. ALFARO; | § | |
| PRIMERA ENERGY, LLC; | § | |
| ALFARO OIL AND GAS, LLC; | § | |
| ALFARO ENERGY, LLC; | § | |
| KING MINERALS, LLC; | § | |
| SILVER STAR RESOURCES, LLC; | § | |
| 430 ASSETS, LLC, A MONTANA LLC; | § | |
| KRISTI MICHELLE ALFARO; | § | |
| BRIAN AND KRISTI ALFARO, AS | § | |
| TRUSTEES OF THE BRIAN AND | § | |
| KRISTI ALFARO LIVING TRUST; and | § | |
| ANA AND AVERY'S CANDY | § | |
| ISLAND, LLC, | § | |
|     Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT WITNESS AND
MEMORANDUM OF LAW IN SUPPORT THEREOF (ECF NO. 324)**

1

Came on for consideration Defendants' Motion to Exclude Expert Witness and Memorandum of Law in Support Thereof (ECF No. 324)[1] ("Motion to Exclude"). Plaintiffs filed a Response to Defendants' Motion to Exclude Expert Witness (ECF No. 378). Defendants filed a Reply to Plaintiff's Response to Defendants' Motion to Exclude Expert Witness and Brief in Support (ECF No. 382). The Court took the matter under advisement without necessity of a hearing.

## PROCEDURAL BACKGROUND

On March 10, 2017, Plaintiffs filed their Designation of Testifying Expert (ECF No. 313) and their Amended Witness and Exhibit List (ECF No. 314), which designated attorney Brandon Barchus ("Barchus") as an expert on attorney's fees sought by Plaintiffs in this matter. No leave of court was requested to file the Amended Witness and Exhibit List. On March 16, 2017, Defendants filed their Motion to Exclude. On March 21, 2017, the Court entered an Agreed Order Abating Defendants' Motion to Exclude Brandon Barchus as Expert Witness (ECF No. 329).

The parties filed their Joint Pretrial Order (ECF No. 290) on February 27, 2017. Further, Defendants filed their Notice of Service of Defendants' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) (ECF No. 187) ("Rule 26 disclosures") on November 14, 2016. The Scheduling Order in this case set Rule 26 disclosures to be due by November 8, 2016. The Scheduling Order did not contain a time frame whereby expert witnesses must be disclosed. Therefore, parties were bound by the default rule under Rule 26(a)(2)(D) provides that experts must be designated ninety days before trial. *See* Fed. R. Civ. P. 26(a)(2)(D) (noting that a party must make disclosures at least 90 days before the trial date or the date the case is set for trial or,

---

[1] Unless otherwise noted, all references to "ECF No." shall refer to documents filed on the docket for Adversary Case No. 15-05047-cag.

within thirty days after disclosure made by the other party if the evidence is solely used to contradict or rebut evidence identified by another party in its expert witness report).

### PARTIES CONTENTIONS

Defendants request that the Court exclude the testimony of Barchus because Plaintiffs did not (1) designate Barchus as an expert in Plaintiffs' Rule 26 disclosures; (2) identify Barchus as an expert in response to the Alfaro Entities' Discovery Requests to the Plaintiffs served on Defendants on February 17, 2017; and (3) identify Barchus as a witness in the parties' Joint Pretrial Order (ECF No. 290). In summation, Defendants' allege that Plaintiffs' failed on three separate occasions to identify Barchus as an expert witness and therefore, his testimony should be excluded.

Plaintiffs concede that under the operative rules, their designation of Barchus as an expert was not timely. Plaintiffs, however, allege that the delay in designating Barchus as an expert was not intentional and simply due to the mistaken understanding that designation of experts would be discussed at the pre-trial conference. In determining whether or not to preclude the introduction of evidence pursuant to Rule 37, the Fifth Circuit has set forth a four-part test to decide whether or not to exclude an expert. Plaintiffs contend that, pursuant to this test, Barchus's testimony should be allowed despite the untimely designation.

### ANALYSIS

As an initial matter, the Court finds that neither Plaintiffs nor Defendants dispute that Barchus should have been timely designated and disclosed as an expert witness. "Generally, expert witness designations must be provided by the deadlines set out in the scheduling order, and tardy designations will result in the striking of any evidence submitted by that expert." ***Serna v. Law Office of Joseph Onwuteaka, PC***, No. 4:11–CV–3034, 2014 WL 3749652, at *2 (S.D. Tex. July 29, 2014). Designations of experts regarding attorney's fees, however, are treated differently from

other experts. *Id*. In ***Wright v. Blythe-Nelson***, the court reasoned that "in most instances. . . .

attorney's fees are decided by the court on motion filed after the entry of judgment" and that

"[a]ttorneys who represent parties against whom such fees are sought are not surprised by expert

testimony because they can usually expect that opposing counsel will attempt to prove his

attorney's fees and because they are themselves experts on the subject." No. 3:99-CV-2522-D,

2001 WL 804529, *6 (N.D. Tex. July 10, 2001). The Court also finds that the appropriate analysis

for determining whether or not an expert should be excluded is the Fifth Circuit's analysis in

***Bradley v. United States***, 866 F.2d 120, 125 (5th Cir.1989).

I.    **Applicable Sections of Federal Rules of Civil Procedure**

Rule 26 requires certain disclosures for expert witnesses who will provide expert

testimony. *See **Sierra Club v. Cedar Point Oil Co.***, 73 F.3d 546, 571 (5th Cir. 1996) (noting that

the disclosures must be specific enough to avoid vague and "sketchy" expert information).

Specifically, Rule 26 requires that a party must disclose the identity of any testifying expert that

will be used at trial and include, with the identification, a report which must contain the following

disclosures:

> (i) a complete statement of all opinions the witness will express and the basis and
> reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the
> previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified
> as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the
> case

Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). Absent any direction from the court or a stipulation of the

parties, the party must make disclosures at least ninety days before the trial date or the date the

case is set for trial, or within thirty days after disclosure made by the other party if the evidence is

4

solely used to contradict or rebut evidence identified by another party in its expert witness report.

Fed. R. Civ. P. 26(a)(2)(D). Further, Rule 26(e) covers supplemental responses and disclosures and states that a party must supplement its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1)(A)–(B). The penalty for failing to disclose an expert is contained in Rule 37 which provides the following:

> (1) *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including Attorney's fees, caused by the failure;
> > (B) may inform the jury of the party's failure; and
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37(c)(1). Among the "other appropriate sanctions" referenced in Rule 37(c)(1)(C) is "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). Stated differently, and in the context of the relief requested in this case, a court may exclude a witness that was not timely designated.

Thus, based on the applicable rules of civil procedure, Barchus's designation as an expert witness was untimely and subject to penalty. The Scheduling Order in this case designated that

Rule 26(a)(1) disclosures were due by November 8, 2016. Further, the Scheduling Order did not contain a time frame for disclosure of expert witnesses. As such, under Rule 26(a)(2)(D) the deadline for the disclosure of expert witnesses was ninety days before trial. Barchus was not timely disclosed as an expert witness and therefore, under Rule 37, Plaintiffs may be subject to penalty including the exclusion of the expert's testimony. Courts, however, enjoy "wide latitude" in allowing parties to designate expert witnesses beyond the applicable deadline and are encouraged to use "intelligent flexibility" in making a decision regarding allowance of the designation. *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (citation omitted). Keeping this standard in mind, the Court must now apply the Fifth Circuit's four factor test for deciding whether or not to exclude Barchus as an expert witness.

## II. *Bradley* Four-Part Test for Excluding and Expert Witness

In *Bradley*, the Fifth Circuit set out a four-part test to determine whether or not to exclude a witness. *Bradley*, 866 F.2d at 125. As an initial matter, the *Bradley* court noted that the decision to exclude a witness is reviewed under the "abuse of discretion" standard. *See Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir.1971) (finding that a trial court's decision to exclude a witness "must not be disturbed unless it is demonstrated that [the court] has clearly abused the broad discretion vested in [it] by Rule 16"). The *Bradley* court noted that when a court excludes expert testimony as the result of a sanction for a violation of an operative discovery order, the following factors are examined in determining if a trial court has abused its discretion:

> (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness.

*Bradley*, 866 F.2d at 125. (citing *Murphy v. Magnolia Elec. Power Ass'n.*, 639 F.2d 232, 235 (5th Cir. 1981)). The Court will now consider each factor of the *Bradley* test.

6

1. *Importance of Expert's Testimony*

In ***Bradley***, the court focused on whether or not the witness's testimony "went to the central issues of the case." In the case at bar, the testimony of Barchus is crucial because only some Defendants prevailed on their claims and the Court awarded recovery of attorney's fees to prevailing Plaintiffs under section 27.01 of the Texas Business and Commerce Code. In order to show the reasonableness and necessity of the attorney's fees incurred, "Texas courts have generally held that a party seeking such fees must offer the testimony of a witness who has been designated as an expert." ***Am. Home Assurance Co. v. United Space Alliance***, LLC, 378 F.3d 482, 490 (5th Cir. 2004) (citation omitted). Thus, if Barchus's testimony is excluded, attorney's fees will be disallowed as to prevailing Plaintiffs. Further, by Defendants' own admission, if Plaintiffs were successful on their claims, "the testimony of Mr. Barchus as to the attorney's fees sought by the Plaintiffs may be critical to their case." *See* ECF No. 324 Motion to Exclude, p. 7. The Court agrees.

In ***Barrett v. Atlantic Richfield Co.***, the court determined that the trial court did not abuse its discretion in striking the testimony of two expert witnesses. 95 F.3d 375, 380 (5th Cir. 1996). The court noted that appellants' "repeated dilatory behavior even in the face of explicit warnings and the apparent inability of the experts to produce relevant opinions within the specified time frame renders hollow any claims of unfair prejudice." *Id*. at 382. There is no evidence of dilatory behavior on the part of Plaintiffs. While Barchus's testimony is deemed significant in terms of the ***Bradley*** test, "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." ***Barrett***, 95 F.3d at 381 (citation omitted). As such, the Court must also carefully review the other factors of the Bradley test to determine exclusion of Barchus's testimony.

2. *The Prejudice to Defendants*

Defendants' note that they would be prejudiced by the failure of Plaintiffs' to designate Barchus as an expert. *See* ECF No. 324 Motion to Exclude, p. 7. Plaintiffs, however, note that Defendants failed to identify how or why they would be prejudiced by the Court allowing Barchus to testify. The Court does not find the Defendants' lack of identification of prejudice illuminating. In ***Bradley***, the court focused on the "distinct disadvantage" placed on appellants when appellees failed to timely designate two experts. ***Bradley***, 866 F.2d at 125. There is no distinct disadvantage placed on Defendants in the case at bar. In ***Straus v. DVC Worldwide, Inc.***, the court denied a motion to strike untimely designation of experts on attorney's fees as there was no prejudice because "fee claims are generally resolved at the close of the case, after both liability and damages have been determined." 484 F. Supp. 2d 620, 633 (S.D. Tex. 2007). Thus, the "delay in designating the expert testimony on their claim for attorneys' fees and in providing the report did not prejudice" the opposing party. *Id.*; *see also* ***Ollie v. Plano Indep. Sch. Dist.***, No. 4:06-CV-69, 2007 WL 2315459, at *1 (E.D. Tex. Aug. 10, 2007) ("Courts have treated the designation of attorney's fee experts differently from other experts because an attorney representing a party against whom attorney's fees are sought should not be surprised by opposing counsel attempting to prove his attorney's fees through his own expert testimony.").

In their Reply to Plaintiffs' Response to Motion to Exclude Expert Witness (ECF No. 382), Defendants argue that the defense of "everyone knows" that an expert would eventually be designated, and as such there exists no grounds to complain, is an insufficient defense to its Motion to Exclude. *See* ECF No. 382 Reply to Plaintiff's Response to Defendants' Motion to Exclude Expert Witness and Brief in Support, p. 4. "If that were the rule, then there would be no need to have any rules compelling disclosures at all, and the issue would always be a coin flip on whether

8

the information should have, could have, would have been important and thus 'anticipated.'" *Id*. The Court may be inclined to agree if the issue at bar did not deal with the testimony of an attorney regarding reasonable and necessary fees. This Court agrees with the reasoning in *Strauss* that the issue of attorney's fees are generally resolved at the end of a case, and as such, the nonmoving party is not prejudiced by the late designation of an attorney testifying about attorney's fees.

3. *The Possibility of a Continuance*

Defendants argue that the possibility that a court will grant a continuance should be counterbalanced by the increased expense and additional delay that would result from the continuance. **Hamburger v. State Farm Mut. Auto Ins. Co.**, 361 F.3d 875, 883 (5th Cir. 2004). Further, regarding any possibility of prejudice, Defendants argue that the goal in striking an expert witness is to punish the offender and deter further delay, not to remove prejudice. **Rushing v. Kansas City S. Railway Co.**, 185 F.3d 496, 509 (5th Cir. 1999). As such, Defendants maintain that the fact that potential prejudice may be removed by a continuance should not be dispositive. The Court does not agree. In *Barrett*, the court noted that a continuance does not, in and of itself, "deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." 95 F.3d at 381 (citing **Geiserman v. MacDonald**, 893 F.2d 787, 792 (5th Cir. 1990)). In the case at bar, there could be no future dilatory behavior as this Court abated the issue of exclusion until after judgment in the case. The *Barrett* court further noted that the continuance would have resulted in additional delay and increased expenses. *Id*. This is not analogous to the current fact pattern. As reasoned above, parties should expect that the issue of attorney's fees are generally dealt with at the end of trial. The Court fails to see how a continuance would have resulted in increased expenses and delay.

Indeed, Defendants' entire line of reasoning suggests that the Fifth Circuit should simply

remove as a factor the possibility of a continuance when deciding whether or not to exclude a witness. As this Court is bound by Fifth Circuit precedent, all factors must be considered and given the appropriate weight. Again, the Court fails to see any prejudice suffered that would not have been remedied by a continuance. Thus, the Court finds that this factor weighs in favor of the Plaintiffs. A continuance would easily have removed any prejudice suffered by Defendants.

4. *Explanation for Failure to Identify Witness*

Plaintiffs argue that their delay in identifying Barchus was not intentional and due to an oversight in mistakenly presuming that the designation of experts would be taken up at the pre-trial conference. In response, Defendants argue that there was no explanation given by Plaintiffs as to why Barchus was not listed as an expert. Indeed, in their Reply to Plaintiffs' response, Defendants identify four separate occasions wherein Plaintiffs failed to identify Barchus as an expert witness: (1) the initial Rule 26 disclosures; (2) the discovery responses; (3) under their duty to supplement, Plaintiffs failed to identify Barchus as an expert; and (4) the pre-trial witness list. *See* ECF No. 382 Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Exclude Expert Witness and Brief in Support, p. 6–7. Finally, Defendants correctly point out that the standard under this factor is not intentionality, rather it requires a "persuasive explanation." **Barrett**, 95 F.3d at 380. Thus, the Court must determine if Plaintiffs have provided a persuasive explanation for their failure to designate Barchus.

In **Brandon v. The Sage Corp.**, Plaintiff failed to designate an attorney expert for testimony regarding attorney's fees. No. 5:12–CV–1118, 2014 WL 1092078, at *2 (W.D. Tex. Mar. 18, 2014). The court similarly conducted the Fifth Circuit's four factor test including the factor regarding explanation for the delay. The court noted that plaintiff could offer no explanation that would explain or excuse the failure to designate an expert and that plaintiff contends that the failure

10

to designate was not intentional or the result of conscious indifference. *Id*. at *3. "Given Plaintiff's concession that the deadline was 'accidentally overlooked,' Plaintiff clearly cannot demonstrate 'good cause' for her delay." *Id*. (citation omitted). As such, the ***Brandon*** court found that this factor weighed in favor of the defendant. The situation in ***Brandon*** mirrors the issue at bar. A lack of persuasive explanation as to the delay by Plaintiffs tips this factor in favor of Defendants.

The four factor test, however, is not an all or nothing analysis. It is clear that factors are guideposts in an appellate court determining whether a trial court abused its discretion on the issue of exclusion of an expert witness. In ***Brandon***, the court determined that the explanation factor of the four-part test weighed heavily in favor of the party seeking to exclude the expert. *Id*. The ***Brandon*** court, however, examined the other factors found in the test and determined that the expert should be allowed to testify. Further, the Fifth Circuit, in both ***Bradley*** and ***Barrett***, never suggested that all four factors must be met to allow a late designated witness to testify. As such, in viewing all factors together, the Court finds that Barchus should be allowed to testify. In examining the other three factors of the Fifth Circuit's four-part test, it is clear that Plaintiffs should be allowed to use Barchus's testimony as to the issue of attorney's fees.

**III.   Reasonableness of Attorney's Fees**

As an initial matter, the Court finds that Plaintiffs' have filed their Motion and Application for an Award of Attorneys [sic] Fees (ECF No. 379) on January 12, 2018. On January 31, 2018, Defendants filed their Response to Plaintiffs' Motion and Application for an Award of Attorneys [sic] Fees (ECF No. 383). In their response, Defendants incorporated all the reasons and legal authorities set forth in their Motion to Exclude (ECF No. 383) and their Reply to Plaintiffs' Response to Motion to Exclude Expert Witness (ECF No. 382) ("Reply to Response"), but did not add any new arguments regarding the reasonableness of Plaintiffs' requested attorney's fees. In

11

their Reply to Response, Defendants noted that their lack of contest to the reasonableness of attorney's fees did not cure Plaintiffs' failure to designate Barchus as an expert witness. Defendants presented no argument to contest the reasonableness and necessity of Plaintiffs' requested fees. As such, the Court will use the Plaintiffs' Motion and Application for an Award of Attorneys [sic] Fees (ECF No. 379), in light of relevant legal standards, to determine whether the requested fees are reasonable and necessary.

Because the Court has determined that Barchus' testimony will not be excluded, it must now examine the reasonableness of Plaintiffs' requested attorney's fees. As an initial matter, the Court notes that pursuant to Texas law, a party may recover attorney's fees when authorized to do so by wither statute or contract. *AU Pharmaceutical, Inc. v. Boston*, 986 S.W.2d 331, 336 (Tex. App.—Texarkana 1999). Plaintiffs prevailed against Defendants and the Court awarded attorney's fees, expert witness fees, costs for copies of depositions, and costs of court to those Plaintiffs under Section 27.01 of the Texas Business and Commerce Code. ECF No. 370—Final Judgment, p. 6. Accordingly, Plaintiffs have a statutory right to recover its attorney's fees, expert witness fees, costs for copies of depositions and costs of court. In *Arthur Andersen & Co. v. Perry Equipment Corp.*, the Texas Supreme Court found that, in evaluating the reasonableness of fees, the following eight factors should be considered by the factfinder:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the legality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

945 S.W.2d 812, 818 (Tex.1997) (citation omitted). Federal courts applying Texas law in diversity cases apply the *Arthur Anderson* factors to determine if a requested fee is reasonable. *See*, e.g., *Webb v. Abbruzzese*, No. 4:02-CV-5, 2003 U.S. Dist. LEXIS 13339, at *5 n. 3 (E.D. Tex. 2003) (applying the *Arthur Anderson* factors). In the case at bar, the Court makes the following findings in light of the *Arthur Anderson* factors.

1. *Time and Labor Involved; Novelty and Difficulty of the Questions; Skill Required*

The Court finds that the time expended on the matter by counsel for Plaintiffs is acceptable given causes of action alleged in this case. As there were a variety of causes of action and complex legal questions, more attorney time was required to appropriately research and develop an approach to litigation.

2. *Likelihood of Preclusion of Other Employment*

As the Court noted in *Dodson v. Perkins et al.*, "[a]ny time a lawyer is retained to handle a matter over a period of years or bring a case through trial (and now through its appeal), the lawyer's ability to take on other matters is constrained." No. 07–1013, 2008 WL 5455409, at *5 (Bankr. W.D. Tex. 2009). The Court finds that this is a significant factor in the case at bar.

3. *Fee Customarily Charged for Similar Services*

The Court finds that no evidence or legal authority was provided for what the customary fee is, or was at time litigation was commenced, for a fraud in the real estate transaction cause of action. Brandon Barchus, with his $350.00 per hour rate was clearly qualified in civil litigation; Lawrence Morales II, with his $350.00 per hour rate was also clearly qualified in civil litigation; Ashley Hymel, with her $275.00 per hour rate was also clearly qualified in civil litigation; Allison S. Hartry, with her $225.00 per hour rate was clearly qualified in legal research; David Gragg, with his $475.00 per hour rate was clearly qualified as a litigator in bankruptcy court; and Natalie

Wilson, with her $265.00 per hour rate was also clearly qualified as a litigator in bankruptcy court. Furthermore, the Court notes that the fees charged by the above-named individuals is commensurate with other billing rates in this Court.

4. *Amount Involved*

The amount requested is based on the contemporaneously-kept time records of both the Morales Firm PC and Langley and Banack. The Court has independently reviewed these records and finds that, given the length of litigation and complexity of the issues, the fees requested are not disproportionate to the amount involved in the litigation.

5. *Time Limitations Imposed by Client*

As in ***Dodson***, "[t]here do not appear to have been any significant time limitations in this matter, other than the amount of time the matter took." *Id.* at 6. The Court finds that this case did not take an inordinate amount of time to bring to a close.

6. *Nature and Length of Relationship with Client*

Plaintiffs' attorneys all had protracted legal relationships with their clients. The relationship between the attorneys and Plaintiffs lasted over three years.

7. *Experience, Reputation, and Ability of Counsel*

The Court has independently reviewed the relevant experience of Plaintiffs' attorneys as set forth in Plaintiffs' Motion and Application for an Award of Attorneys [sic] Fees (ECF No. 379), and finds that the experience, reputation, and ability of counsel was commiserate with the litigation experience that was necessary to prepare and bring this case to trial. The Court further notes that Defendants' did not dispute the experience, reputation, and ability of counsel.

8. *Whether the Fee is Fixed or Contingent; the Uncertainty of Collection.*

The Court finds that, pursuant to the Plaintiffs' Motion and Application for an Award of

Attorneys [sic] Fees (ECF No. 379), the fee is fixed and based on an hourly rate. The Court has independently reviewed the billing records provided and finds that the hours expended and the rate charged were reasonable given the complexity of the case.

Based on the above findings in light of the *Arthur Anderson* Factors for determining reasonableness of attorney's fees, the Court finds that Plaintiffs' requested attorney's fees and expenses were reasonable and necessary.

## CONCLUSION

For the aforementioned reasons, the Court finds that Defendants' Motion to Exclude Expert Witness and Memorandum of Law in Support Thereof (ECF No. 324) should be denied.

IT IS THEREFORE ORDERED that Defendants' Motion to Exclude Expert Witness and Memorandum of Law in Support Thereof (ECF No. 324) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion and Application for an Award of Attorneys [sic] Fees (ECF No. 379) should be GRANTED.

All relief not specifically granted herein is DENIED.

###