

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 29, 2018.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-51396-CAG |
| | § | |
| PRIMERA ENERGY, LLC, | § | CHAPTER 11 |
|     Debtor. | § | |
| | | |
| FREDERICK PATEK; | § | |
| GERALDINE PATEK; | § | |
| JASPER COMPISE; | § | |
| WILLIAM CRAWFORD; | § | |
| MICAEL COVINGTON; | § | |
| RICK GRIFFEY; | § | ADVERSARY NO. 15-05047-CAG |
| ED MCPHERSON; | § | |
| DIETER JANSEN; | § | |
| QUACKENBUSH PETROLEUM LLC; | § | |
| JAMES REILEY; | § | |
| BETTY REILEY; | § | |
| RICK REILEY; | § | |
| VINCENT J. GILLETTE; | § | |
| MARJORIE A. GILLETTE; | § | |
| THOMAS J. GILLETTE; | § | |
| EDWARD A. GILLETTE; | § | |
| SHARON WALLS; | § | |
| BUDDY WALLS; | § | |
| DC OIL COMPANY, INC.; | § | |
| BUFORD SALMON; | § | |
| LILLIAN SALMON; | § | |
| JOSEPH HART; | § | |

1

| | |
|---|---|
| BRIAN HUBER; | § |
| DAVID DAVALOS; | § |
| DANIEL DAVALOS; | § |
| FREDERICK JOHNSTON; | § |
| MILAN KNEZOVICH 11; | § |
| FOUNTAINGATES INVESTMENT GROUP; | § |
| JAMES PETERS; and | § |
| BROC YAKEL, | § |
|     Plaintiffs, | § |
| | § |
| V. | § |
| | § |
| BRIAN K. ALFARO; | § |
| KING MINERALS, LLC; | § |
| SILVER STAR RESOURCES, LLC; | § |
| 430 ASSETS, LLC, A MONTANA LLC; | § |
| KRISTI MICHELLE ALFARO; | § |
| BRIAN AND KRISTI ALFARO, AS | § |
| TRUSTEES OF THE BRIAN AND KRISTI | § |
| ALFARO LIVING TRUST; and | § |
| ANA AND AVERY'S CANDY | § |
| ISLAND, LLC, | § |
|     Defendants. | § |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION FOR CLARIFICATION AND BRIEF IN SUPPORT (ECF NO. 375)**

Came on for consideration Defendants' Motion for Clarification and Brief in Support (ECF No. 375 ("Motion for Clarification"). Plaintiffs filed Plaintiffs' Response to Defendants' Motion for Clarification (ECF No. 385) ("Response"). The Court took the matter under advisement without necessity of a hearing.[1]

**PROCEDURAL BACKGROUND**

On March 21, 2016, Plaintiffs filed their Fourth Amended Complaint. Prior to trial, the Court also issued two Orders Granting, In Part, and Denying, In Part, Defendants' Motions to Dismiss (ECF Nos. 165 and 327). Pursuant to the Court's Orders on the Motions to Dismiss, the

---

[1] Capitalized terms contained herein will carry the same meaning as the terms in the Court's Memorandum Opinion (ECF No. 369) unless otherwise defined herein.

2

Court dismissed the following: (1) Plaintiffs' TUFTA claims against King Mineral, LLC ("King") and Ana and Avery's Candy Island, LLC ("Candy Island"); and (2) Plaintiffs' claims for breach of fiduciary duty against all Defendants.

The parties proceeded to trial on the following remaining claims: (1) common law fraud and fraud in the inducement; (2) fraud in a real estate transaction; (3) negligent misrepresentation; (4) Deceptive Trade Practices Act ("DTPA") claims; (5) violations of the Texas Securities Act; (6) conversion; (7) Texas Uniform Fraudulent Transfer Act ("TUFTA") claims against all Defendants but King and Candy Island; (8) unjust enrichment/disgorgement; (9) money had and received; and (10) civil conspiracy. The Court conducted a six-day trial before taking the matters under advisement. Not all of Plaintiffs testified, apparently relying on the evidence adduced at trial to support their claims for relief. After presentation of their evidence, Plaintiffs rested and Defendants asked for a directed verdict, asserting that the Plaintiffs had not met their burden of proof. The Court denied Defendants' oral request for a directed verdict. Thereafter, Defendants rested without offering any controverting evidence or argument. Trial was concluded on April 18, 2017, and the Court allowed the parties to submit post-trial briefs.

On December 29, 2017, the Court entered a Memorandum Opinion (ECF No. 369), and Final Judgment (ECF No. 370). In the Final Judgement, the Court ordered that Plaintiffs prevailed on their claims for common law fraud, fraud in the inducement, fraud in the real estate transaction, and negligent misrepresentation. It was further ordered that a take-nothing judgment be entered on Plaintiffs' claim for DTPA, violation of the Texas Securities Act, conversion, unjust enrichment, money had and money received, and civil conspiracy. The Court further ordered that Plaintiffs' request for actual damages in the amount of $7,989,526.75. The Court also granted Plaintiffs' request for a constructive trust for Defendants' violation of Tex. Bus. & Comm. Code § 24.0052.

Finally, the Court ordered that Defendants provide an accounting for the following property: (1) Salary and compensation transferred to the Living Trust beginning March 2016; (2) Bentley purchased within the last two years with a purchase price of $189,000.00; and (3) Cadillac purchased in May 2013 for $33,705.

## ANALYSIS

### I. Defendant Liability

Defendants ask the Court to clarify its Final Judgment to apportion liability and award damages only against each Defendant separately, and only for the wrongful actions of each Defendant, and in the amounts the Court deems each Defendant should pay. Plaintiffs contend such clarification is not necessary.

The Court has independently reviewed the pleadings, its Memorandum Opinion, and the Final Judgement, and determined some clarification is necessary. The following clarifications are hereby incorporated into the Court's Memorandum Opinion (ECF No. 369), and Final Judgment (ECF No. 370):

1. With respect to the Court's analysis and conclusion in its Memorandum Opinion for common-law fraud, fraud in the inducement, fraud in the real estate transaction, negligent misrepresentation, and DTPA, "Defendants" refer to Defendant Brian Alfaro ("Alfaro") and Defendants (1) Primera Energy, LLC, (2) Alfaro Oil and Gas, LLC, and (3) Alfaro Energy, LLC (collectively referred to as "Alfaro Entities")

2. With respect to the Final Judgment, Plaintiffs prevailed against Alfaro and the Alfaro Entities for common-law fraud, fraud in the inducement, fraud in the real estate transaction, negligent misrepresentation.

The Court declines to further apportion liability and award damages against each Defendant

separately. A successful plaintiff has the option of collecting an entire judgment from any one of the defendants or jointly from all the defendants until the judgment is paid in full. Accordingly, it is not the Court's function to tell Plaintiffs who they can and cannot pursue to collect on their judgment beyond the specifics provided above.

## II. Plaintiffs' Claim to "their money"

Defendants also contend that in its Memorandum Opinion, the Court "repeats over a dozen times the phrase 'their money' as if the monies Plaintiffs exchanged for their working interests in the projects somehow remained 'their' money." The Court does not agree with Defendant's interpretation. Not once does the Court use the phrase "their money" to denote ownership. In fact, the Court expressly acknowledges that once Plaintiffs invested "their money," (because prior to entering into the Contract, the funds were "their money"), Plaintiffs received ownership of an undivided working interest in the applicable wells. *See e.g.,* ECF No. 369, Memorandum Opinion, at 154 ("At trial, Plaintiffs presented no evidence that they owned, possessed, or had the right to immediate possession of their invested monies. On the contrary, the evidence shows that they exchanged ownership of their invested money for ownership of an undivided working interest in the applicable wells."). Accordingly, the Court finds such clarification is not necessary.

## III. Plaintiffs' Contentions Related to Shut In Wells

Next, Defendants argue

> [i]t is factually inaccurate to say that vendors who had legitimate claims for payment were unpaid. All claims by vendors that were unpaid are the subject of various lawsuits by or against them and have not been resolved. It may very well be that Primera will win every one of those suits and thus owe the vendors nothing on their claims. The [Memorandum] Opinion implies that Primera should not have paid its staff unless and until those disputed vendor claims were finally resolved. This is not a reasonable finding and should be clarified.

(ECF No. 375, p. 7). The Court does not believe that clarification is necessary. The Court never made a finding as to whether vendors' claims were legitimate or illegitimate. Second, the Court

5

also disagrees that the Memorandum Opinion implies Primera should not have paid its staff[2] unless and until vendors were paid.

## IV. Salmon's Prescience

Defendants also point to page 39 of the Memorandum Opinion which cites to Salmon's testimony:

> Salmon further stated that he would not have invested with Alfaro had he known that contractors were not being paid in a timely manner.

ECF No. 369, Memorandum Opinion, at 39. Defendants provide an interpretation of this statement:

> What one takes from this is that Mr. Salmon believed that Primera was not going to pay its vendors *sometime in the* future, after he had invested, and so on the date he elected to invest he would not have done so if he had 'known' of this future event.

ECF No. 375, p. 8 (emphasis in original). The Court has reviewed Salmon's testimony and disagrees with Defendants' interpretation. Moreover, Defendants' recharacterization of Salmon's testimony does not invalidate the Court's finding that Salmon relied on oral statements to him by Alfaro whereby Alfaro represented to Salmon that Salmon's investment funds would be used to drill, frack, and complete wells and pay the vendors of the wells for which Salmon invested. ECF No. 369, Memorandum Opinion, at 133. Accordingly, the Court finds that further clarification is not necessary.

## V. Plaintiff's "complete loss"

Lastly, Defendants maintain that the reason for Plaintiff's "complete loss" is because Plaintiffs filed a state-court lawsuit and obtained an injunction slowing down Primera's Operations and therefore, it is Plaintiffs' fault that they suffered a loss, not the fault of Defendants.

---

[2] Primera compensated Alfaro through owner draws and W-2 compensation. If the basis for Defendants' assertion are the owner draws that Alfaro took while vendor invoices went unpaid, the Court would submit that equating "paying its staff" to "payment of a company's cash by the owner for his/her own personal use" is misleading and an improper characterization.

6

Here, the fact that certain Plaintiffs recovered the entirety of "their money" under a fraud cause of action has nothing to do with Plaintiffs' state-court action, but everything to do with Defendants' fraudulent misrepresentations.

## CONCLUSION

For these reasons state above, Defendants' Motion for Clarification and Brief in Support (ECF No. 375) is GRANTED, IN PART, AND DENIED, IN PART.

All relief not granted herein is DENIED.

IT IS SO ORDERED.

# # #