**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 21, 2018.**



_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE PRIMERA ENERGY, LLC** § | | **Case No. 15-51396-CAG** |
| Debtor § | | **Chapter 11** |

| | | |
|---|---|---|
| **FREDERICK PATEK, ET AL.,** § | | |
| § | | |
| **PLAINTIFFS,** § | | |
| § | | |
| **V.** § | | **Adversary Proceeding 15-05047-CAG** |
| § | | |
| **BRIAN K. ALFARO, ET AL** § | | |
| § | | |
| **DEFENDANTS.** § | | |

### ORDER ON AMENDED MOTION FOR TURNOVER AND APPOINTMENT OF RECEIVER

The Court considered Plaintiffs post-judgment application for turnover and appointment of Receiver pursuant to Tex. Civ. Prac. & Rem. Code 32.002, through Federal Rule of Civil Procedure 69, and the parties agree that Plaintiffs are entitled to aid from this Court for a Turnover Order and Appointment of a Receiver.

The Court Orders each party to suggest three persons to serve as the Receiver hereunder by Wednesday, November 28, 2018, out of which the Court will select one to serve under the rights, duties and obligations below.

The Court Orders that the property currently being held in the storage facility shall remain in such storage facility, less half of the clothing and shoes, an Ipad and a Nintendo Switch which

shall be returned to the Defendant. The property remaining in such storage facility shall be turned over pursuant to this Order to the Receiver.

This Court further Orders and enjoins Defendant from dissipating any of Defendant's property potentially subject to this Order prior to the hearing scheduled on December 18, 2018, at which time the Court will hold a hearing to determine whether or not the property currently contained in the storage facility, the Ferrari and the Mercedes Benz GTS are not subject to seizure. The Court ruling on Defendant's Motion to Set Aside the Execution is carried until December 18, 2018.

**Defined Terms.** As used in this Order the terms below are defined as follows:

| Term | Definition |
|---|---|
| Plaintiff | Rick Reiley, Betty Reiley, Vincent J. Gillette, Sharon Walls, Rick Griffey, Thomas J. Gillette, DC Oil Company, James Buford Salmon, and David Davalos |
| Defendant | Brian Alfaro |
| Receiver | Name: |
| | Address: |
| | Tel. No.:         Fax No.: |
| | E-Mail: |
| Judgment | Date: December 29, 2017 |
| | Principal Amount: $ 7,989,526.75     Attorney's Fees: $151,250 |
| Bond Amount | $ |

**Orders.** The Court orders the relief set out below.

1. Appointment.  The Court hereby grants Plaintiffs' Motion for Turnover and Appointing Receiver, and will select the identity of the receiver after obtaining plaintiffs' and defendants' recommendations. The Receiver shall serve as receiver over Defendant's non-exempt assets, pursuant to Sec. 31.002 of the Civil Practice and Remedies Code of Texas, to serve after posting the Bond, which may be a surety bond, and taking the oath of office.

2. Effect of order on defendant and third parties. The unique power of the Receivership derives from the doctrine of *custodia legis.* Once a turnover order containing an appointment of a Receiver is signed, all of the Judgment Debtor's non-exempt property becomes property in *custodia legis*, or "in the custody of the law." *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 343 (Tex. 1976). The Judgment Debtor's property is considered to be in the constructive possession of the court. During the pendency of a receivership, the receiver has exclusive possession and custody of the Judgment Debtor's property to which the receivership relates. *First S. Props.*, 533 S.W.2d at 343; *Ellis v. Vernon Ice Co. & Water*

*Co.*, 86 Tex. 109, S.W. 858 (1893). No one, not even a lien holder with a prior filed deed of trust, can sell property held in *custodia legis* by a duly appointed receiver without first obtaining approval from th*e Court in which* the Receivership is pending. *First S. Props.* at 533 S.W.2d at 341; *Huffmeyer v. Mann*, 49 S.W.3d 554, 560 (Tex.Civ.App.–Corpus Christi, 2001). Any *unautho*rized transfer of property in the c*ustody of a receiver is not merely voidabl*e, it is void. *First S. Props.,* 533 S.W.2d at 341. Any conveyance of property in the custody of a receiver without approval by the court has no effect upon the receivership and the accomplishment of its purposes. *T.H. Neel v. W.L. Fuller*, 557 S.W2d 73, 76 (Tex. 1977). In short, any *attempt by a judgment* defendant to transf*er any of his non-exempt property* after the turnover order has been signed is void and can be called back by the Receiver or subsequent suit to set aside the *transfer brough*t by the Receiver.

3. The Receivership has a judicial lien on all non-exempt assets of all defendants, regardless of whether the Receiver takes actual possession.

4. <u>Definition and purpose of the Receiver</u>. The Receiver is the agent of this Court (not the attorney for any party), and is to be treated with the same courtesy accorded to the Court.

    "Once an individual is cloaked with derived judicial immunity because of a particular function being performed for a court, every action taken with regard to that function- whether good or bad, honest or dishonest, well-intentioned or not-is immune from suit. Once applied to the function, the cloak of immunity covers all acts, both good and bad." *Davis v. Radoff, 317 S.W.3d 301,* (Tex.App-Hou 1st 2009), *(citing Ramirez v. Burnside & Rishebarger, L.L.C., No. 04-04-00160-CV, 2005* WL 1812595 (Tex. App .-San Antonio Aug. 3, 2005, no pet.) (mem.op.)).

5. <u>Defendant's Responsibilities</u> to the Receiver and the Court. Defendant is ordered to:

    a. Deliver to the Receiver, at the Receiver's address, the items described in Exhibit A hereto, together with all documents and records requested by the Receiver.

    b. Turnover to the Receiver all non-exempt funds to the extent required to satisfy the Judgment. <u>No Defendant may spend non-exempt funds, or sell, transfer or encumber non-exempt assets,</u> without the Receiver's prior written consent.

    c. Identify and turn over to the receiver all interests of the Defendants in any business or venture and all agreements, stock certificates and other documents pertaining to the Defendant's ownership in the business and venture within five (5) days from Defendant's receipt of a copy of this order.

    d. Defendant is ordered to continue, until the Judgment in this cause is fully paid, to turnover to the Receiver at the Receiver's address all checks, cash, securities, promissory notes, documents of title, and contracts within three (3) days from the Defendants' receipt and possession of such property.

    e. Make a <u>complete disclosure</u> to the Receiver of all assets of each defendant, and to <u>neither</u> directly nor indirectly <u>interfere with nor impede the Receiver</u> in the performance of his duties. Defendant must disclose all exempt and non-exempt assets, so that the exempt status of each asset can be determined. Defendant's disclosure must provide sufficient specificity to permit a constable to identify and levy upon the assets.

f.  <u>Supplement</u> all disclosures, in writing, within five days of knowledge of information required to be disclosed, without being prompted;

g.  <u>Organize</u> and collate the disclosed information and documents in the formats and manners required by the Receiver.

This Order constitutes a Charging Order under the Texas Business Organizations Code. This Order constitutes a lien upon the Defendants' partnership interests in a partnership and the Defendants' membership interest in a limited liability company. The receiver has the right to receive any distribution to which Defendant would be entitled from the Defendant's partnership or membership interest.

6. **Receiver's Powers**.  The Receiver is authorized to:

    h.  <u>Take possession</u> of all non-exempt property of Defendant that is in the Defendant's actual or constructive possession, custody, or control, including all of the items described in Exhibit "A".

    i.  <u>Require the attendance</u> of <u>third parties</u> and <u>issue subpoenas</u> to third parties, or those who may be in possession of knowledge or information concerning any defendant's non-exempt assets.  A subpoena is not required to compel attendance. Receiver is authorized to require the attendance of and issue subpoenas to any defendant, third party and witness, including employment records from the Texas Workforce Commission for the production of documents, things, and information, including matters concerning the employment of any defendant or witness, the existence, location, or value of any defendant's assets.  The Receiver is permitted to schedule and issue notices for stenographic or non-stenographic examinations of anyone who may have knowledge of relevant facts concerning a defendant's non-exempt assets;

    j.  <u>Obtain credit reports</u>, bank searches, and other reports to aid in locating non-exempt assets. Receiver may order any Consumer Reporting Agency, as defined by the Fair Credit Reporting Act ("FCRA") 16 USC §1681b(f) to provide consumer reports on defendants and witnesses as allowed under FCRA 16 USC §1681b(a)(1);

    k.  <u>Order providers</u> of utilities, telecommunications, telephone, cell phone, cable, internet, data services, internet website hosts, email hosts, iCANN providers, satellite television services, and all similar services (including ComCast, AT&T, Verizon, Sprint, and Direct TV), and financial institutions to turnover information that the Receiver believes may prove or lead to the discovery of the existence or location of a defendant's whereabouts or non-exempt assets, including account information, telephone numbers, names, service addresses, telephone numbers, payment records, and bank and credit card information.

        i. Such orders shall be directed to the entity from which the information is sought and describe, as specifically as possible, the precise information requested with the dates for which the information is required, which shall not be more than one

year before the issuance of the receiver's request, unless specifically stated in the request or attached letters.

  ii. This order specifically defines the Receiver as a state official, acting in an official capacity, as defined in section 182.054(1) of the Texas Utility Code.

  iii. This order specifically serves as the court order required by 47 USC § 551, and Tex.Fin.Code §59.001, and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing personally identifiable information of the subscriber and/or customer;

  iv. The disclosure of information pursuant to this Order is not a violation of PUC Substantive Rule 25.272. This Order satisfies the law, regulation, or legal process exception to the Proprietary Customer Information Safeguards found in PUC Substantive Rule 25.272 (g)(1);

l. Take all actions necessary to gain access to, and enter all real property, leased premises, storage facilities and safe deposit boxes where any non-exempt property or records of a defendant may be situated, and to seize the contents;

m. Secure control over all non-exempt property, and engage in presale activities, including appraisals, evaluations, listing agreements and advertising agreements. Receiver may transfer title into the receivership or place a hold on the title of personal and intangible property, including patents, trademarks, servicemarks, copyrights, websites and domain names;

n. Disable or remove any non-exempt property belonging to a defendant or to place the property into storage; insure any property taken into his possession; obtain such writs as Receiver deems necessary to obtain possession; and change the locks to premises, other than defendant's homestead, belonging to the defendant. However, the Receiver has no duty to take these actions, or to maintain, guard, or insure property taken into *custodia legis*, or to maintain or pay any lease, nor shall Receiver be required to pay any mortgage, lien or assessment, defend against any lawsuit, pay any tax or fee, file any tax returns, or have any obligation except as specifically ordered;

o. Assume that property is not exempt, until the person claiming the exemption states the exemption claimed, the legal and factual grounds for the exemption, and describes the property with sufficient specificity that a constable could levy upon it. If there is any dispute whether an asset is exempt, or property of a defendant, the Receiver is authorized to take custody of the asset until the Court determines the rights of those claiming an interest in the asset;

p. Certify copies.

q. Conduct and Disposition of Entities: If the Defendant is an individual, all legal right, title and ownership of any limited partnership interest, partnership interest, stock or membership interest it has in any entity and business entity of that defendant is divested from said individual and placed *in custodia legis* with the Receiver. *Chitex Commication v. Kramer*, 168 B.R. 587, 590 (S.D. Tex. 1994)

> ("the president of an insolvent corporation had no authority to affect the corporation's property interests once a state court had placed it into receivership") To the extent that the debtor is the sole owner of that entity or business, all management authority is vested in the Receiver as if Receiver were the Receiver over that entity. If the Respondent is a business entity, all authority and power of the defendant in the management of the entity is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver. *Id*. ("Texas law asserts that the receiver has the full rights that the corporation had"). This order entirely supersedes the authority of any officers, directors or managers of the business entity debtor.

> r. To change locks to all premises at which any property is located, other than defendant's homestead.

> s. Collect all accounts receivable and collect any rent or rents due to Defendant from Tenant;

> t. Direct the delivery of Defendant's mail and the mail of any business of the Defendant to the Receiver's address and open all mail directed to Defendant or any business of his.

> u. Endorse and cash all checks and negotiable instruments payable to Defendant or any of his businesses, except paychecks for current wages.

> v. Hire a real estate broker to sell any real property or mineral interest belonging to the Defendant.

> w. Hire any company or person to store and move the property of Defendant.

> x. Insure any property belonging to Defendant, including the property which currently is being stored in the storage facility.

> y. Obtain from any third party any financial records, and authorized to access any and all financial records of Defendant as necessary to ascertain their assets and any fraudulent transfers of their assets.

> z. Hire any person or company necessary to accomplish any right or power under this order

7. **<u>Duties of Peace Officers</u>**. Every constable, deputy constable, sheriff, deputy sheriff, U.S. Marshal, or other peace officer is authorized to accompany Receiver pursuant to a writ to locations designated by Receiver where Receiver believes a defendant's assets may be located. The peace officers are ordered to prevent every person from interfering with the Receiver's carrying out any duty under this order or interfering with property that is in the Receiver's control or subject to this order. The Receiver is authorized to direct any constable, deputy constable, sheriff, deputy sheriff, U.S. Marshal, or other peace officer to seize and sell property under a Writ of Execution. The officers and the Receiver may use reasonable force necessary to protect and assist the Receiver and his duties.

8. **Duties of Third Parties**. Every person with actual notice of this order is ordered <u>not to interfere</u> with property in the Receiver's control or subject to this order, and is ordered not to interfere with the Receiver in the performance of his duties. Third parties are notified that the Receiver, to the exclusion of a defendant, is the party entitled to possess, sell, liquidate and otherwise deal with a defendant's non-exempt property and once any third party receives notice of this order, the third party may be subject to liability if the third party releases property, unless directed by the Receiver or the Court;

   aa. <u>All third parties who hold a defendant's property</u> are <u>ordered to immediately</u> notify the Receiver, and to deliver the property within ten working days of demand from the Receiver.

   bb. <u>All third parties with knowledge of this order are ordered to immediately notify</u> the Receiver if they discover the existence of property, or of facts which might lead to the discovery of property in which any defendant has <u>any interest</u>;

   cc. Any witness or <u>person resisting an order</u> or request of the Receiver, based on legal or other advice, is ordered to give the full name, address, fax number, e-mail address, cell phone number, and direct telephone number for each person giving that advice and to instruct each person to immediately contact the receiver. Doing so does not waive any attorney-client communication privilege.

9. <u>Receiver may pay himself a fee</u> equal to twenty-five percent of all proceeds coming into his possession, not to exceed twenty-five percent of the balance due on the Judgment including post-judgment attorney's fees, Receiver's fees and expenses, which the Court finds is fair, reasonable and necessary fee for the Receiver; and is further directed and authorized to pay plaintiff's attorney, as trustee for the plaintiff, the remaining 75% of all proceeds coming into the Receiver's possession, after deducting the Receiver's costs and payment of liens or set offs as Receiver deems reasonable. No receiver's fee exceeding 25% of all proceeds coming into the Receiver's possession shall be paid to the Receiver unless an order is granted, after with notice and opportunity for hearing to all parties. If the defendant files bankruptcy, the Receiver's fee shall be equal to 25 percent of the debt owed at the time the bankruptcy is filed. All Receiver's fees will be taxed as costs and shall be added to the Cost Docket of this Court. The Receiver is further Ordered to take the oath of office.

10. It is further Ordered that the Receiver shall file an inventory of all property of which the Receiver has taken possession with this Court prior to December 18, 2018. The Receiver shall file a <u>final accounting</u> and application to close the receivership within thirty days of the filing of the release.

11. All <u>real property sales</u> must be individually ordered, after notice and opportunity for hearing.

12. It is further Ordered that this receivership will continue in effect until further order of this Court.

13. Other Orders:

###

Submitted By:

Brandon Barchus
Faulk Barchus PLLC
7503 Shadyvilla Lane
Houston, Texas 77055

# Exhibit A

## DOCUMENTS ORDERED TO BE DELIVERED TO THE RECEIVER WITHIN TEN DAYS PURSUANT TO THE ORDER REQUIRING TURNOVER AND APPOINTING RECEIVER

Unless otherwise stated, all time periods are for the three years before the order was signed. "Respondent" includes every judgment defendant and every defendant's spouse, within three years of the signing of the order. "Records" and "documents" are mutually inclusive. All requests regarding property or records and documents owned or possessed by a defendant also applies to defendant's spouse, ex-spouse, brother sister, child, step-child, mother, father, sister, brother, partner, or co-shareholder in a small business. Any use of the term "produce," means to deliver.

The following items are to be delivered to the Receiver, by every defendant, at the Receiver's office, within 10 days of receipt of this order by that defendant.

1. Legible copies of all personal and business federal income tax returns filed by or prepared for defendant for the current year and for the last three years prior to the current year, together with all schedules, attachments, W-2 forms, 1099 forms and all similar federal income summary forms for the same years.

2. All statements, checkbooks, canceled checks and deposit slips for all checking accounts, savings accounts, credit union accounts or other depository accounts, held either separately or jointly, for the current calendar year and for the last three years prior to the current calendar year for all accounts in which defendant's name is on the printed checks, in which defendant has an interest and/or in which defendant has signatory authority. This includes all trust accounts on which the defendant may sign.

3. A copy of the defendant's driver's license, social security card, and other items used to identify the witness, like an identification card issued by the Texas Department of Public Service or Department of Public Safety.

4. Copies of all financial statements prepared by or on behalf of defendant within the last three years, including all such statements presented to any financial institution and/or any other party for the purpose of guaranteeing, securing or attempting to secure a loan or financial assistance of any kind.

5. All booklets, current and annual statements and all other documents evidencing the nature and extent of defendant's rights under any stock option plan, retirement plan, pension or profit sharing plan, employee stock ownership plan, company savings plan, thrift fund matching plan and all other similar plans prepared or received during the last three years.

6. The most recent statements, deposit confirmation slips, documents evidencing the balance, term and interest rates for every amount of money and assets in which defendant has any interest, whether separately or jointly, invested by or for the defendant in cash management funds, certificates of deposit, money market funds, treasury bills, bonds, debentures or other

type investment and acquisition paying or promising to pay a return on defendant's monies invested during the current year and for the three calendar years prior to the current year.

7. All certificates of stock or brokerage house statements evidencing all ownership and every purchase, sale, assignment or transfer of stocks, bonds, debentures and/or other securities (whether in privately held or publicly traded companies or institutions) owned by defendant or in which defendant has a beneficial interest.

8. All documents and records showing all business holdings, partnerships (general, limited or otherwise), sole proprietorships, trust, corporations, joint ventures and any other business organizations of every kind in which defendant (including spouse) is a partner or has an interest and assumed name certificates under which defendant has done or is doing business.

9. All policies of insurance active and terminated in the current year and two calendar years prior to the current year whether life, health, auto, disability, homeowners, personally or otherwise, of which defendant is the owner, beneficiary, insured, heir to the proceeds, beneficiary of existing or identified trust funded by insurance proceeds.

10. All deeds, deeds of trust, land installment contracts, contracts for deeds, syndications, real estate investment trusts, partnership agreements, easements, rights of way, leases, rental agreements, documents involving mineral interests, mortgages, notes and closing statements relating to all real property in which any defendant (including spouse) has or in which defendant (including spouse) had an interest during the last three years.

11. All certificates of title, firearms, deer stands, atv's, boats, trailers, and motors, documentation regarding hunting or fishing leases or rights or the rights to time share units or the use of property, tickets to events, like ballet or sporting events, proof of spa or club memberships, current licenses, receipts, bills of sale and loan documents for all motor vehicles and farm equipment, including automobiles, trucks, motorcycles, recreational vehicles, boats, trailers, airplanes and other motorized vehicles and equipment owned by defendant (including spouse) or in which defendant (including spouse) has and had any interest in the last three years.

12. For every trust of which a defendant is a trustee, joint trustee, beneficiary, settlor or trustor which conveyed, transferred, assigned, created any options to purchase, or disposed of any interest in real property or personal property in any manner during the last three years, furnish documents evidencing the manner of disposition and the consideration received or to be received. Furnish all documents showing all evaluations of defendant's interest, share of principal and income and documents showing the principal and income allocated to defendant whether or not distributed during the last three years.

13. All documents and records of all safe deposit boxes maintained by defendant (including spouse) or to which defendant (including spouse) has had access, or has a claim, right or interest in, including all lists of all contents therein in the last three years. Identify the location of all the safe deposit boxes and deliver the keys to the Receiver.

14. All documents constituting and describing each defendant's accounts receivable, whether or not collected. Deliver all documents identifying the accounts receivables of all businesses

which defendant owns and in which defendant had an interest in the last three years, and a copy of all collected, offset, credited, uncollected, discounted, assigned, pledged and exchanged accounts receivables.

15. All copies of every appraisal of real estate or personal property in which defendant or defendant's spouse had an interest within the past three years,.

16. Every inventory or list of real or personal property, application for credit been made by defendant or spouse, within three years, including all estimates of value placed on each item.

17. Deliver all mail, unopened, as it is received.

18. All documents, notes, bills, statements and invoices evidencing all current indebtedness payable by defendant or paid off by defendant, and all assignments of promissory notes made by defendant.

19. All lease agreements for personal property and real property executed by defendant within the last three years, whether as lessee, lessor, sublessee, sublessor, assignee or assignor, including any mineral interest leases.

20. Deliver records of all travelers' checks, cashier's checks, money orders, drafts and draws, that were received, cashed or purchased within three years.

21. Deliver the names, addresses and telephone numbers of all organizations and persons within defendant's knowledge who has or may have knowledge of the status of property in which defendant has and had an interest, whether being community or separate property, the defendant's liabilities and the location and value of defendant's assets. This includes banks, savings and loan associations, mortgagees, merchants, credit providers, brokers, credit unions, financial institutions, security dealers, people and organizations dealing with mineral interests who have received information from defendant regarding or including information about defendant's assets and interests, income, and liabilities.

22. All records that would indicate the cost basis of defendant's assets.

23. Copies of the current inventory and all past inventories, accounts receivable of all ongoing businesses which defendant owns and had an interest and copies of all collected, offset, credited, uncollected discounted, assigned, pledged and exchanged accounts receivable of all businesses owned by defendant and in which defendant has and had an interest in the last three years.

24. All contracts in which defendant is a party or has or had a beneficial interest, including all earnest money contracts, construction contracts and sales agreements in which defendant is due a commission or other remuneration for the last three years. If defendant is presently under the terms of any written employment contract or agreement or is due any remuneration under any past contract or agreement, furnish a copy of the contract or agreement.

25. All minute books, ledgers, corporate records and resolutions pertaining to defendant or pertaining to any corporation or business in which defendant has an interest.

26. All documents by which every gift, bailment, loan, gratuitous holding, assignment, sale, hypothecation, discounted transfer, transfer into lock box payment and transfer of defendant's property during the last three years, any property of any nature.

27. All records of every kind and character showing all personal property in which defendant has and had an interest in the State of Texas, the United States of America or any other place.

28. All of the articles of incorporation, minute books, partnership agreements and assumed name records of all companies, partnerships, corporations and proprietorships that have owners, employees, officers, directors, shareholders and partners which are or were also owners or employees of defendant.

29. All employment records or pay records to indicate every business for which defendant was employed, provided services, was an independent contractor, general contractor, superintendent, agent or subcontractor during the last three years.

30. All checks, cash, securities (stocks and bonds), promissory notes, deeds, deeds of trust, documents of title, contracts, accounts receivable, escrow agreements, retainage agreements, records and all documents that identify all property in which defendant has an interest and that which is collateral or security for any obligation or contingent obligation of defendant, along with all documents indicating any interest of the defendant in rental agreements, royalty agreements, licenses, bailment agreements, filings pursuant to the Uniform Commercial Code, security agreements, assignments, all filed or recorded liens, lis pendens, lawsuits, recorded mechanics and materialmen's lien affidavits, judgments, abstracts, partnership agreements, employment agreements, as well as all documents indicating each defendant's present and prospective heirship, beneficial interest in trusts, beneficial interest in insurance policies and insurance coverage and right to any insurance policy's cash surrender value or ownership in which defendant or defendant's spouse has any interest.

31. A letter authorizing the Receiver to obtain all records and assets to which the defendant is entitled.

32. A listing of all air miles and rewards programs, with the last three months' statements.

33. All motor vehicle Certificates of Title.

34. Credit applications and other documents stating debtor's financial condition (preceding 72 months).